UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GREG GEGENHEIMER,<br><br>        Plaintiff,<br><br>v.<br><br>FRANK STEVENSON, et al.,<br><br>        Defendants. | Civil Action No. 1:16-cv-1270-RP |

**DEFENDANTS' NOTICE ABOUT DELAY IN
BAR DIRECTOR APPOINTMENT PROCESS**

TO THE HONORABLE JUDGE ROBERT PITMAN:

Defendants notify the Court of a development relevant to the Court's consideration of Plaintiff Greg Gegenheimer's motion for a preliminary injunction (ECF No. 8).

Gegenheimer, a white male, alleges that the process for appointing minority member directors to the State Bar of Texas Board of Directors violates his "rights under the Fourteenth Amendment to be free of race discrimination and sex discrimination." Pl.'s Mot. for Prelim. Inj. ("Prelim. Inj. Mot."), Ex. B, ¶¶ 6, 8 (Dec. 8, 2016), ECF No. 8-2; *see also* Compl. (Dec. 5, 2016), ECF No. 5.  He has moved for a preliminary injunction prohibiting Defendants— members of the State Bar Board of Directors sued only in their official capacity—"from considering and appointing a new minority-member director or otherwise implementing the provisions of Tex. Gov't Code Ann. §§ 81.002(7), 81.020(b)(5), 81.020(d) until this action is resolved." Prelim. Inj. Mot. 1.

On the same day that Defendants filed their opposition to Gegenheimer's preliminary-injunction motion, Senator Kirk Watson filed a bill (S.B. 416) in the Texas Legislature that would moot Gegenheimer's claims by replacing the minority member directors prospectively

1

with "outreach directors," who can be of any race or sex. *See* Defs.' Opp'n to Prelim. Inj. Mot. 9 (Jan. 6, 2017), ECF No. 25. Recognizing that the State Bar is a creature of statute, created by the Legislature, *see* Tex. Gov't Code Ann. §§ 81.001-.123, the Bar is mindful of and deferential to the potential for legislative action. The Bar is also mindful of the many hours of time and effort that would be wasted by its volunteers if the Ad Hoc Committee to Select Minority Directors went forward with evaluating and interviewing candidates for a minority member director position, only to have that work mooted by the Legislature's amendment of the State Bar Act.

Accordingly, at the State Bar Board's regularly scheduled quarterly meeting on January 20, 2017, the State Bar President advised the Board that he would request that the Ad Hoc Committee delay its evaluation of candidates for the minority member director position pending the Legislature's consideration of whether to amend the State Bar Act's existing minority member director provisions. A true and correct copy of the business records affidavit of Spencer Walker and the transcript of that portion of the January 20, 2017 State Bar Board meeting are attached as Exhibit A. Late in the afternoon of January 24, 2017, the State Bar President reached the Chair of the Ad Hoc Committee, who was not able to attend the State Bar Board's meeting on January 20, 2017, because of a previously scheduled personal trip, and advised the Chair of this request. As a result, the Ad Hoc Committee will not go forward with the candidate interviews that were scheduled to begin on February 16, 2017, or with any other part of the appointment process for a minority member director, pending potential legislative action. *See* Defs.' Opp'n to Prelim. Inj. Mot. 6.

This development grants Gegenheimer most, if not all, of the relief sought in his preliminary-injunction motion: Defendants will not "consider[] or appoint[] any individual to the open position on the State Bar Board of Directors or otherwise implement[] the provisions of

Tex. Gov't Code Ann. §§ 81.002(7), 81.020(b)(5), 81.020(d)," pending the Texas Legislature's consideration of whether to amend the State Bar Act's minority member director provisions. Prelim. Inj. Mot. 8.  This development further undermines Gegenheimer's already-tenuous claim of irreparable injury.  *See* Defs.' Opp'n to Prelim. Inj. Mot. 8-10.  Gegenheimer does not face "a substantial threat of irreparable injury *if [an] injunction is not issued*."  *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (emphasis added) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)).  Gegenheimer needs no injunction because of this voluntary decision to refrain from the conduct he alleges causes him injury—considering any candidate for or appointing anyone to the minority member director position—while the Legislature considers whether to amend the State Bar Act.  *See* Prelim. Inj. Mot. 7 (Gegenheimer expresses concern that "without a preliminary injunction, it is quite possible that Defendants will fill the board position before [his] claims can be resolved"); *see also Doe v. Santa Fe Ind. Sch. Dist.*, 168 F.3d 806, 823 (5th Cir. 1999) (affirming denial of injunctive relief where defendants had ceased challenged practices), *aff'd*, 530 U.S. 290 (2000); *Lofton v. Verizon Wireless (VAW) LLC*, No. 13-cv-5665, 2014 WL 2041828, at *1 (N.D. Cal. Mar. 14, 2014) (holding that plaintiff had not "demonstrate[d] an 'immediate' threat of irreparable injury" because defendant had "modified the offending portion of its policy" and "the relief sought would merely prohibit [d]efendant from changing it back"), *aff'd*, 586 F. App'x 420 (9th Cir. 2014); *Stokely-Van Camp, Inc. v. Coca-Cola Co.*, 646 F. Supp. 2d 510, 524-25 (S.D.N.Y. 2009) (refusing to preliminarily enjoin defendants from running advertisements that they had discontinued).  If the Legislature does not act and the Ad Hoc Committee resumes the evaluation of candidates for the minority member director position, Defendants will promptly notify the Court and Gegenheimer's counsel.

Dated: January 25, 2017

Joshua S. Johnson (admitted *pro hac vice*)
State Bar No. 24070002
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Tel: (202) 639-6623
Fax: (202) 879-8934
joshjohnson@velaw.com

Respectfully submitted,

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury
State Bar No. 12095275
VINSON & ELKINS LLP
2001 Ross Avenue
Suite 3700
Dallas, TX 75201
Tel: (214) 220-7792
Fax: (214) 999-7792
tleatherbury@velaw.com

Sandra G. Rodriguez
State Bar No. 00790752
VINSON & ELKINS LLP
1001 Fannin Street
Suite 2500
Houston, TX 77002
Tel: (713) 758-4804
Fax: (713) 615-5054
srodriguez@velaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on January 25, 2017, I electronically filed the foregoing Notice with the Clerk of the Court for the U.S. District Court for the Western District of Texas by using the Court's CM/ECF system, which will send notification of such filing to the following:

Jonathan F. Mitchell
JAMES OTIS LAW GROUP, LLC
12977 North Forty Drive
Suite 214
St. Louis, MO 63141
Tel: (314) 682-6067
jmitchell@jamesotis.com

William S. Consovoy
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Blvd., Suite 700
Arlington, VA 22201
Tel: (703) 243-9423
Fax: (703) 243-9423
will@consovoymccarthy.com

*Counsel for Plaintiff Greg Gegenheimer*

Prerak Shah
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 001)
Austin, TX 78711-2548
Tel: (512) 936-1823
Fax: (512) 474-2697
prerak.shah@oag.texas.gov

*Counsel for Amicus Curiae Attorney General Ken Paxton*

Dated: January 25, 2017

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury
*Counsel for Defendants*