IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GREG GEGENHEIMER, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:16-CV-1270-RP |
| FRANK STEVENSON, et al., | § § § | |
| Defendants. | § § | |

**ORDER TO SHOW CAUSE**

Plaintiff Greg Gegenheimer brought this challenge to section 81.020(b) of the Texas Government Code on December 5, 2016. At that time, the statute provided that the board of directors of the State Bar of Texas must include four minority bar members, defined as "a member of the state bar who is female, African-American, Hispanic-American, Native American, or Asian-American." Tex. Gov't Code § 81.002. Gegenheimer, a white male, alleged that the statute denied him equal protection of the laws in violation of the Fourteenth Amendment.

It has come to the Court's attention that Senate Bill 416, which amends section 81.020, has become effective as of June 15, 2017.[1] As amended by S.B. 416, section 81.020 no longer requires the appointment of minority member directors. Instead, the president of the State Bar is directed to appoint at-large members who need not be minority members as defined by section 81.002.

Since recent legislative action has removed the statutory provisions that form the basis of Plaintiff's complaint, it appears to the Court that this controversy may be moot. *See Fantasy Ranch Inc. v. City of Arlington*, 459 F.3d 546, 564 (5th Cir. 2006) ("[S]tatutory changes that discontinue a challenged practice are 'usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismiss.'") (quoting *Valero Terrestrial Corp. v. Paige*,

---

[1] *See* S.B. 416, Texas Legislature Online, *http://www.legis.state.tx.us/billlookup/History.aspx?LegSess=85R&Bill=SB416*.

211 F.3d 112, 116 (4th Cir. 2000)). This Court would therefore lack jurisdiction to adjudicate this action. *United States v. Lares-Meraz*, 452 F.3d 352, 354–55 (5th Cir. 2006) ("A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.") (quoting *Golding v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999)).

In light of the Court's obligation to examine the basis of its jurisdiction *sua sponte, see United States v. Boston*, 419 F. App'x 505, 505 (5th Cir. 2011), the parties are hereby **ORDERED** to show cause why this case should not be dismissed as moot. The parties' responses to this order shall be filed no later than June 23, 2017, and shall be limited to five pages per side. Should the parties agree that this matter is moot, they may alternatively file a joint stipulation of dismissal.

**SIGNED** on June 16, 2017.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE